R. Bruce Owens, ISB#3315
Regina M. McCrea, ISB#6845
OWENS & CRANDALL
8596 N Wayne Drive, Suite A
Hayden, ID 83835
Telephone: (208) 667-8989
Fax: (208) 664-1939
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SHARON PAGE and RICHARD PAGE, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | Case No. 2:12-cv-219<br><br>COMPLAINT FOR DAMAGES |

COME NOW the above-named Plaintiffs by and through their attorneys of record, R. BRUCE OWENS and REGINA M. McCREA of the Law Firm OWENS & CRANDALL, P.L.L.C., and for a cause of action against the above-named Defendant, allege as follows:

## I.  IDENTITY OF THE PARTIES, JURISDICTION AND VENUE

1.1   This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Federal jurisdiction therefore exists under 28 U.S.C. § 1332.

1.2   At all relevant times herein, Sharon Page and Richard Page were married and resided in Kootenai County, Idaho.

_____
COMPLAINT FOR DAMAGAES - PAGE 1

1.3     Defendant Novartis Pharmaceuticals Corporation [hereinafter referred to simply as "Novartis"] is a foreign corporation with its headquarters located in New Jersey. Novartis markets and distributes Zometa® throughout the world and the United States, including Idaho.

1.4     At all relevant times herein, Novartis was engaged in the business of marketing, distributing, promoting, testing, labeling and/or selling the pharmaceutical Zometa.®

1.5     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the alleged events or omissions giving rise to the claim occurred in this District.

## II.  GENERAL ALLEGATIONS

2.1     Aredia and Zometa are classified as bisphosphonates and are prescribed for the management of metastatic disease to the bone and other bone diseases and conditions.

2.2     Zometa is Novartis's "successor" drug to Aredia, as Aredia was the first generation of the drug Zometa. Zometa is now marketed by Novartis for the same uses for which it previously marketed Aredia.

2.3     Because of the long "half life" of the drugs Aredia and Zometa in the body, the drugs remain in the bones of persons who have ingested these medicines for a significant period of time. For this reason, the onset of osteonecrosis of the jaw can occur years after use of the drug has been discontinued.

2.4     Aredia and Zometa have been approved by the United States Food and Drug Administration.

2.5     Novartis knew or should have known and disclosed that Aredia, and its successor, Zometa, caused osteonecrosis of the jaw. On information and belief, Novartis knew or should have known that patients taking such medications had developed osteonecrosis of the jaw and, further, experienced problems so severe that they lost portions of their jaws.

2.6     Novartis failed to advise physicians and the consuming public of this risk as well as other risks associated with the use of said drugs.

2.7     Novartis failed to conduct sufficient studies to establish the proper quantities of the drugs to be administered to patients; failed to identify the minimum effective dosage; and failed to set dosage instructions accordingly to avoid the occurrence of side effects.

2.8     As a result of Novartis's failure to publish, advise, or instruct health care providers as to the proper dosage and length of time for which patients could safely ingest these drugs, the amount administered to Plaintiff,[1] and others, likely constituted an overdose and contributed to the side effects and harm suffered as a result.

2.9     Plaintiff was prescribed Zometa in the course of her medical treatment for breast cancer and as a result of using the drug developed osteonecrosis of the jaw, which has been severely painful, debilitating, disfiguring, and will require substantial future medical treatment.

### III.  FIRST CAUSE OF ACTION:
### STRICT LIABILITY FOR DEFECTIVE PRODUCT

3.1     Plaintiffs reallege and incorporate by reference all preceding allegations.

3.2     The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, advertising, and otherwise distributing Zometa in interstate commerce, which it sold and distributed throughout the world, including the State of Idaho.

3.3     Plaintiff was not aware and reasonably could not have discovered the dangerous nature of Zometa.

3.4     Zometa causes osteonecrosis of the jaw when taken over a period of time and, therefore, constitutes a product unreasonably dangerous for normal use due to Defendant's

---

[1] The singular reference to Plaintiff as that term is used throughout this Complaint refers to Sharon Page.

COMPLAINT FOR DAMAGAES - PAGE 3

defective design, manufacture, misrepresentations, and inadequate disclosure of relevant information, including without limitation the actual risk of developing osteonecrosis of the jaw and the permanent, irreversible harm associated with this disease.

3.5     Further, the product lacked adequate warnings with respect to its defective and unreasonably dangerous characteristics as described.

3.6     The Defendant is strictly liable to the Plaintiff under applicable statutes and common law.

3.7     As a direct and proximate result of the aforesaid defect, defects or unreasonably dangerous condition of product, which existed at the time it left the hands of the Defendant, the Plaintiff sustained permanent and disabling injuries, pain, emotional distress, special damages and general damages.  Said damages also include osteonecrosis of the jaw and the increased risk of developing other diseases and conditions as a result of the osteonecrosis.

3.8     As a further direct and proximate result of Defendants' acts or omissions as described, Plaintiff Richard Page has sustained past and future general and special damages including but not limited to loss of support, love, affection, care, services, companionship, society and consortium.

### IV.  SECOND CAUSE OF ACTION: NEGLIGENCE

4.1     Plaintiffs reallege and incorporate by reference all preceding allegations.

4.2     Defendant owed a duty of reasonable care in the manufacture, creation, design, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Zometa.

4.3     Defendant breached this duty in the following particulars:

_____
COMPLAINT FOR DAMAGAES - PAGE 4

    a. Failing to test and inspect Zometa so as to ascertain whether it was safe and proper for the purpose for which it was designed, manufactured, and sold;

    b. Failing to manufacture Zometa in a reasonably safe condition appropriate for the use for which it was intended;

    c. Failing to conduct a dosing study or otherwise to test Zometa to ascertain its minimum effective dosage and to use that information to instruct users of the drugs of the proper dosage so as to minimize the risk of development of osteonecrosis of the jaw;

    d. Failing to warn adequately and properly of the risks of serious complications and bodily harm when Zometa is used in the manner for it was intended;

    e. Failing to label Zometa so as to warn of the risks of complications and disease, including the risk of developing osteonecrosis of the jaw.

4.4 Defendant also failed to meet the standard of care set by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq., and related amendments, codes, and federal regulations provided there under, the Sherman Food, Drug and Cosmetic law, and other applicable laws, statutes and regulations.

4.5 Defendant was also otherwise careless and negligent in ways to be proven at trial.

4.6 As a direct and proximate result of Defendant's negligence and violations of the statutes and regulations listed above, Plaintiff suffered injuries and damages, which include substantial and significant personal injuries.

4.7 As a further direct and proximate result of Defendants' negligent acts or omissions, Plaintiff Richard Page has sustained past and future general and special damages

including but not limited to loss of support, love, affection, care, services, companionship, society and consortium.

## V. THIRD CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

5.1     Plaintiffs reallege all of the foregoing paragraphs of its Complaint as if set forth in full.

5.2     Defendant expressly warranted to Plaintiff by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients, and the general public that Zometa was safe, effective, fit, and proper for its intended use.

5.3     In using Zometa®, Plaintiff and her health care providers relied on the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned products were not safe and were unfit for the uses for which they were intended.

5.4     As a direct and proximate result of Defendant's breaches of warranties, the Plaintiff suffered severe and disabling personal injuries, resulting in damages as described in the preceding paragraphs of this Complaint.

5.5     As a further direct and proximate result of Defendants' breaches of warranties, Plaintiff Richard Page has sustained past and future general and special damages including but not limited to loss of support, love, affection, care, services, companionship, society and consortium.

## VI. FORTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

6.1     Plaintiffs reallege and incorporate by reference all preceding allegations.

_____

6.2     Prior to the time that Plaintiff used Zometa, Defendant impliedly warranted that said drug was of merchantable quality and safe and fit for the use for which it was intended.

6.3     Plaintiff is unknowledgeable and unskilled in the research, design, and manufacture of prescription medications and reasonably relied on the skill, judgment, and implied warranty of the Defendant in using Zometa.

6.4     Zometa was neither safe for its intended use nor of merchantable quality as warranted by Defendant because it had dangerous propensities, which when put to the product's intended use would and did cause severe injuries to the user.

6.5     As a direct and proximate result of Defendant's breaches of implied warranties as described, Plaintiff suffered osteonecrosis of the jaw, along with severe and disabling personal injuries, in an amount to be proven at trial.

6.6     As a further direct and proximate result of Defendants' breaches of implied warranties described herein, Plaintiff Richard Page has sustained past and future general and special damages including but not limited to loss of support, love, affection, care, services, companionship, society and consortium.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.     For an award of compensatory damages sufficient to compensate Plaintiff Sharon Page for past and future medical expenses, general damages, emotional distress, and loss of enjoyment of life in an amount to exceed the jurisdictional sum of $75,000.00;

2.     For an award of damages in an amount sufficient to compensate Plaintiff Richard Page for his mental anguish and loss of companionship, society, support, services, society and consortium with Plaintiff Sharon Page, in an amount to be proven at trial.

_____
COMPLAINT FOR DAMAGAES - PAGE 7

3.	For costs of suit, attorney fees, as well as such other award the Court may deem just and fair.

4.	Plaintiffs also reserve the right to amend this Complaint to add a claim for punitive damages.

DATED this 8th day of May, 2012.

                                    OWENS & CRANDALL, PLLC

                                      s/Regina M. McCrea  
                                    REGINA M. MCCREA, ISB #6845  
                                    Attorney for Plaintiff  
                                    Owens & Crandall, PLLC  
                                    8596 N. Wayne Drive, Suite A  
                                    Hayden, Idaho 83835  
                                    Telephone: (208) 667-8989  
                                    Fax: (208) 667-1939  
                                    E-mail: regina@cdalawyer.com